
FILED IN CLERK'S OFFICE
U.S.D.C.

MAR 07 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TASHA MONIQUE LEE,<br>Inmate # GDC 735919,<br>Plaintiff, | :: | CIVIL ACTION NO.<br>1:08-CV-0134-WBH |
| v. | :: | |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

**ORDER AND OPINION**

Plaintiff, an inmate at Pulaski State Prison (Pulaski) in Hawkinsville, Georgia, has filed the instant *pro se* civil rights action against the Georgia Department of Corrections (GDC) and the following individual Defendants: Tom Selnick, Director, and Shevondah Fields, Manager, of the GDC's Office of Investigations and Compliance; and Tom Chapman, Warden, and Tom Bowen, Unit Manager, at Pulaski, which is located in the Middle District of Georgia. The GDC is located, and it appears that Defendants Selnick and Fields reside, within the jurisdiction of this Court. This matter is now before the Court for an initial screening. For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* is hereby **GRANTED**.

## I. Legal Framework

### A. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted



AO 72A
(Rev 8/82)

deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

**B. 42 U.S.C. § 1983 Cause of Action**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

**C. The Amenability to Suit of the State and its Agencies**

The Eleventh Amendment bars a § 1983 action against a State and its agencies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief," unless the State or its agency has waived its Eleventh Amendment immunity

or has demonstrated, through affirmative conduct, its consent to be sued in federal court. Stevens v. Gay, 864 F.2d 113, 115 & n.5 (11th Cir. 1989). See Ga. Const., art. I, § II, para. IX (2007) (providing that "sovereign immunity extends to the state and all of its departments and agencies," and no waiver of sovereign immunity by the State legislature shall be construed to waive any immunity under the United States Constitution).

## D. The Potential Liability of State Officials

A § 1983 plaintiff may sue state officials such as Defendants Selnick and Fields in either their individual or official capacities, Stevens, 864 F.2d at 115, but may obtain only "prospective relief, including injunctive relief," when suing them in their official capacities, Edwards v. Wallace Community College, 49 F.3d 1517, 1524 (11th Cir. 1995). For a state official to be liable in his or her official capacity, the state itself must have been a "moving force" behind the alleged constitutional deprivation. Kentucky v. Graham, 473 U.S. 159, 166 (1985) (stating that "in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law"). See also Grech v. Clayton County, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc) (noting that § 1983 plaintiff may establish unconstitutional policy by identifying



AO 72A
(Rev 8/82)

"either (1) an officially promulgated . . . policy or (2) an unofficial custom or practice . . . shown through the repeated acts of a final policymaker").

A § 1983 plaintiff may also sue a state official in his or her individual capacity for retrospective relief, including monetary damages. Hafer v. Melo, 502 U.S. 21, 30-31(1991). However, a § 1983 plaintiff may not sue a supervisory official simply on the basis of that official's supervisory status. See Marsh v. Butler County, 268 F.3d 1014, 1035 (11th Cir. 2001) (en banc) (noting that "[s]upervisory officials cannot be held liable [under § 1983] for the acts of employees solely on the basis of respondeat superior"). To state a claim for relief based on supervisory liability, a plaintiff must allege either that "the supervisor personally participate[d] in the alleged unconstitutional conduct or [that] there is a causal connection between [his or her] actions . . . and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown if the supervisor failed to take corrective action despite "a history of widespread abuse" or had a custom or policy that resulted in a constitutional violation, or if the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id.



AO 72A
(Rev 8/82)

### D. Venue

Because there is no special venue statute for civil rights actions, the general venue statute, 28 U.S.C. § 1391, controls. See Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972). In relevant part, § 1391(b) provides that a civil action based on federal question jurisdiction, as is the case here, may be brought only in the judicial district where at least one defendant resides or in which a substantial part of the events giving rise to the claim occurred. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## II. Plaintiff's Allegations

Plaintiff sets forth the following allegations. As a "black, female prisoner at Pulaski," she has suffered race and gender discrimination, beginning on or around August 26, 2006, when Defendants refused to place her in solitary protective custody to prevent her fellow inmates from attacking her. (Compl. at 3-7.) "Plaintiff wrote Inmate Concern forms, Grievances, and finally appeals to the [GDC's Office] of Investigations and Compliance. . . . [, but] Defendant Fields neglected to thoroughly

investigate Plaintiff's complaints and [she] suffered further assaults." Plaintiff then wrote to Defendant Selnick, who replied that she "should have discussed [her] concerns with [her] Counselor. Despite [Plaintiff's] thoroughly documented conversations with [her] Counselor, Unit Manager, Warden Chapman, and [Fields] . . . , [she] was still denied solitary confinement and suffered bodily injuries because of [Defendants'] indifference and biased classification policy/procedures." (Id. at 7-8.)

Plaintiff states that she has requested "Solitary Confinement" more than eighteen times but, unlike similarly situated male prisoners, she has been denied that classification. As a result, she allegedly has suffered "bodily injury," specifically, "contusions about the upper left shoulder and lower middle back" when she was "hit with the steel 'Sally Port' door" by one of her enemies in the general prison population. (Id. at 6-7, 9.) Plaintiff seeks compensatory and punitive damages as well as injunctive and declaratory relief. (Id. at 9-10.)

## III. Analysis

Plaintiff may not seek herein relief of any kind against the GDC, which must be dismissed from this action. See Stevens, 864 F.2d at 115 & n.5. Moreover, it



AO 72A
(Rev 8/82)

appears that Plaintiff's claims against Defendants Selnick and Fields are based solely on the denial of her grievance appeals. Such allegations, however, are insufficient to state a claim for relief under § 1983. See Stanford v. Head, No. 1:05-CV-1988-ODE, 2005 U.S. Dist. LEXIS 43153, at *5-7 (N.D. Ga. Aug. 23, 2005) (stating that, because "Plaintiff's claim against Defendant is based solely on the fact that, as the [GDC] official charged with reviewing and responding to grievance appeals, he denied Plaintiff's appeals. . . .[,] Defendant cannot be held liable under § 1983") (citing Wilson v. Vannatta, 291 F. Supp. 2d 811, 818-19 (N.D. Ind. 2003) (no claim stated against the Indiana Department of Corrections official who reviewed an inmate appeal because the official had no personal involvement in the alleged Eighth Amendment violations); Joyner v. Greiner, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002) (prison superintendent's denial of plaintiff's grievance appeal was insufficient to establish personal involvement in the alleged Eighth Amendment violations)[;] Lee v. Michigan Parole Bd., No. 03-1775, 104 Fed. Appx. 490, 493 (6th Cir. June 23, 2004) (unpublished opinion) (stating that "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance")).



AO 72A
(Rev 8/82)

## IV. Conclusion

Accordingly, Plaintiff's claims against the Georgia Department of Corrections, Tom Selnick, and Shevondah Fields are hereby **DISMISSED** from this action. Plaintiff's remaining claims involve events that allegedly occurred, and Defendants who apparently reside, outside the jurisdiction of this Court. As this Court cannot find that the interests of justice demand a transfer, Plaintiff's remaining claims are hereby **DISMISSED** without prejudice to her filing said claims in the proper jurisdiction.

**IT IS SO ORDERED** this 7 day of March, 2008.

WILLIS B. HUNT, JR.
SENIOR UNITED STATES DISTRICT JUDGE



AO 72A
(Rev 8/82)